UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CHRISTA GAIL PIKE,<br><br>Petitioner,<br><br>v.<br><br>DEBRA JOHNSON, Warden,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:12-cv-35<br>Mattice/Lee<br>DEATH PENALTY CASE |

**REPLY TO RESPONDENT'S ANSWER TO PETITION**

Now comes Petitioner, Christa Gail Pike, and files this Reply to Respondent's Answer to Petition (R.23). As specified in this Court's scheduling order (R.6), this Reply is limited to issues raised in Respondent's Answer not contained in the petition.

**Procedural Default Analysis**

Respondent has raised a procedural default defense as to Ground One (D). (R.23, Answer pp. 59-60, Page ID # 10364-65). The burden of establishing procedural default in summary proceedings rests with the State. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also*, *Insyxiengmay v. Morgan*, 403 F.3d 657, 665 (9th Cir. 2005) ("Procedural default is an affirmative defense, and the State has the burden of showing the default constitutes an adequate and independent ground."). Respondent has failed to meet that burden in this case.

The Sixth Circuit has mandated that claims of procedural default in habeas corpus must be reviewed under the framework established in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under *Maupin*, this Court must consider the following:

> First, the court must determine [whether] there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.

. . .

> Second, the court must decide whether the state courts actually enforced the state procedural sanction.
>
> . . .
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> . . .
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate [] that there was "cause" for [her] to not follow the procedural rule and that [she] was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138 (internal citations omitted).

Under the first two prongs of *Maupin*, it is not sufficient that a state procedural rule exists that the state court might have applied to the claim. In order for the state procedural rule to bar habeas review, the state court must "clearly and expressly" state its reliance on that rule. *Harris v. Reed*, 489 U.S. 255, 263 (1989). If there is only speculation that a state court may have relied on a procedural rule, there is no default because "[t]he federal courts may . . . review constitutional claims where it is unclear whether the claim has been previously determined." *O'Guinn v. Dutton*, 88 F.3d 1409, 1421 (6th Cir. 1996). And of course, no procedural default doctrine applies if the last state court rendering a judgment in the case reached the merits of the claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Workman v. Bell*, 178 F.3d 759, 767 (6th Cir. 1998).

It is also important to note that claims in federal habeas proceedings need not be identical to the claims pleaded in state court. The only requirement is that the claim be "fairly presented" to the state courts. As long as the substance of a federal claim is presented to the state courts, the habeas petitioner need not have cited "'book and verse on the federal constitution.'" *Picard v. Connor*, 404 U.S. 270, 277-78 (1971) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

An examination of Ground One (D) in Petitioner's case shows that it should not be subject to a procedural default and that this Court must review Petitioner's claim on the merits. Petitioner Pike fairly presented this federal claim to the state courts that had the first opportunity to hear the claim and to rule on the merits. *Picard*, 404 U.S. at 276. However, should this Court determine that a procedural default does apply, the Court should further determine that Petitioner can show cause for the default and that Petitioner suffered prejudice.

**<u>Ground One (D) - IAC Penalty Phase Arguments to the Jury</u>**

As a preliminary matter, in deciding Petitioner's claim that she received ineffective assistance of counsel during the penalty phase of her capital trial, this Court must consider the cumulative prejudicial impact of all instances of counsel's deficient performance because the court must determine whether "counsel's errors were so serious as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To assess the overall fairness of the trial, this Court must consider the impact of all of counsel's failures. It is impossible to excise particular failures and refuse to consider them.

Furthermore, under the first prong of *Maupin*, this Court must look at the pleadings as presented in the state court to see if Petitioner complied with the state procedural requirements to

determine if the Tennessee courts properly applied a procedural bar. Respondent argues that because the Tennessee Court of Criminal Appeals applied a procedural default to this claim in the post-conviction appeal process, this Court is now barred from considering it. (R.23, Answer p.60, Page ID # 10365). Indeed, the Court of Criminal Appeals refused to address this aspect of ineffectiveness because it found that the argument was never made before the post-conviction court. *Pike v. State*, No. E2009-00016-CCA-R3-PD, 2011 WL 1544207, at *56 (Tenn. Crim. App. April 25, 2011).

However, a close look at the state court pleadings shows that the state court's procedural bar was based on an erroneous reading of the record below. A careful review of the pleadings in post-conviction shows that Petitioner clearly raised the claim that counsel was ineffective for their failure to mention mental health evidence in their closing arguments during the penalty phase. Petitioner placed the argument before the post-conviction trial court. Furthermore, Petitioner also presented evidence to establish the facts cited in this part of Ground One. In Petitioner's Post Conviction Closing Argument, under subheading II.B. "Failure to Present Mitigation Evidence," Petitioner argued the following in discussion of trial counsel's IAC during the sentencing phase:

> Notably absent was any attempt to explain the significance of Ms. Pike's social history either through an expert witness or *even by counsel in closing*. No information was presented correlating even the limited social history that was presented to Dr. Engum's diagnosis of borderline . . . not to mention the bipolar and complex PTSD diagnoses, and the existence of brain damage, the heterotopia, that interfered with impulse control.

(R.9-4, Add.4, Doc.4, PC Tech. Rec., Page ID # 4298) (emphasis added) (internal citation omitted). Thus, Petitioner specifically argued that trial counsel were ineffective for failing to

present arguments about Dr. Engum during the penalty phase argument. This argument in Petitioner's closing brief to the court explicitly raised this issue that was also presented during questioning of trial counsel during the hearing. (R.9-17, Add. 5, Doc. 12, Julie Martin Rice, PCT, Page ID # 5742-46, 5748; R.9-18, Add. 5, Doc.13, Julie Martin Rice, PCT, Page ID # 5752). Where Petitioner has squarely presented these arguments to the state court, the failure of the court to address the issue cannot support a finding of procedural default. *Smith v. Digmon*, 434 U.S. 332, 333 (1978) (*per curiam*).

This is consistent with the fact that during the post-conviction process, Petitioner's case was centered around trial counsel's near-total failure to present a mitigation case and to effectively argue for Petitioner's life to be spared. Trial counsel failed to use the evidence that their own investigation had uncovered and failed to emphasize mitigating aspects of evidence presented during the trial phase. This aspect of Petitioner's ineffectiveness claim was squarely before the state post-conviction court and should therefore be considered by this Court. The fact that the state post-conviction trial court failed to specifically address the issue is not dispositive.

If however, this Court should find that Petitioner failed to fairly present this claim to the state courts and that it has been procedurally defaulted, this Court may still find cause for this default because of post-conviction counsel's ineffectiveness. A habeas petitioner may overcome a state procedural default on a claim of ineffective assistance of trial counsel where the failure to present that claim was caused by ineffective assistance of post-conviction counsel. *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012). That claim must be one that had to be raised on post-conviction and it must be "substantial." *Id*.

Trial counsel's ineffectiveness during Petitioner's penalty phase, particularly during Petitioner's closing argument, is a substantial issue in this case. Trial counsel's entire plan for the penalty phase had fallen apart at the last minute. Due to counsel's failure to properly understand and follow the Tennessee Rules of Evidence, counsel was forced to turn over all of Dr. McCoy's notes and impressions from her entire mitigation investigation. For this reason, counsel abandoned, at the last minute, their plan to call Dr. McCoy as an expert witness. This left them with only three witnesses who happened to be attending the trial. There was no one to talk about Petitioner's mental state and counsel failed to tie together elements of her background that might have supported the sparse mental health evidence presented during the trial phase. Since counsel failed to even mention the expert testimony from the trial phase, the jury could not have given it proper consideration.

If post-conviction counsel failed to properly present this claim to the post-conviction courts, then they were ineffective. As evidenced by the ruling on procedural default, counsel were ineffective in their presentation. *Pike*, 2011 WL 1544207, at *56. Counsel had a duty to understand and follow state procedural rules in presenting this claim. *See Strickland*, 466 U.S. at 688 ("Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process."). Therefore, any failure to properly raise the claim under the state procedural rules constitutes substandard performance because it was unreasonable.

The strength of Petitioner's ineffectiveness claim as outlined in Ground One of the Petition (R.19, Petition, Page ID # 9666-83) demonstrates that she suffered prejudice. Petitioner was prejudiced by counsel's errors because the failure to present adequate argument on her behalf in the closing arguments of her penalty phase demonstrates that counsel had inadequately

prepared any case for life in Petitioner's case. Since such a case could have been made, Petitioner was prejudiced. Under *Martinez*, Petitioner can show cause and prejudice for any procedural default of Ground One (D) that this Court may apply.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

BY: /s/Stephen A. Ferrell
Stephen A. Ferrell
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
(865) 637-7979

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2013, notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/Stephen A. Ferrell
Stephen A. Ferrell