**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA**

| | | |
|---|---|---|
| **CHRISTA GAIL PIKE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 1:12-cv-35** |
| **v.** | ) | **Mattice/Lee** |
| | ) | **DEATH PENALTY CASE** |
| **DEBRA JOHNSON,** | ) | |
| | ) | |
| **Respondent.** | ) | |

---

**RESPONDENT DEBRA JOHNSON'S RESPONSE IN OPPOSITION TO DISCOVERY**

---

## INTRODUCTION

Comes now Respondent Debra Johnson in opposition to the Petitioner's motion for discovery. (R. No. 27, Motion for Discovery, Page ID # 10408). As grounds therefore, the Respondent states that the requested discovery relates solely to claims that the Petitioner litigated in state court, and that consideration of any additional evidence relating to those claims is barred by *Cullen v. Pinholster*, 131 S. Ct. 1388 (U.S. 2011). The Petitioner's discovery request also fails to state sufficient facts to make a showing of good cause, and fails to show that the requested materials would provide beneficial information even if obtained. Thus, the requests should be denied.

## ARGUMENT

The Petitioner asks this Court to authorize discovery falling into two categories. First, the Petitioner requests records in the possession of the Tennessee Bureau of Investigation, as well as the district attorney's offices for Knox and Davidson Counties, relating to the investigation into lead counsel William Talman's ("lead counsel") overbilling. (R. No. 27,

Motion for Discovery, Page ID # 10417). Second, the Petitioner requests any records that may be in Judge Liebowitz's possession regarding the events of the *in camera* hearing immediately following the guilt phase of the Petitioner's trial, as well as Judge Liebowitz's deposition. (R. No. 27, Motion for Discovery, Page ID # 10417-418).

These discovery requests both relate to lead counsel's alleged decision to turn over his mitigation file to the State, as well as his allegedly prejudicial decision not to present information in that file during the penalty phase. The Petitioner asserts that lead counsel made these decisions as a result of a constitutionally impermissible conflict of interest created by the possibility of ethical and criminal charges for overbilling. The Petitioner asserts that such evidence would also support her claim that the appointment of lead counsel constituted structural error. In the alternative, the Petitioner asserts that lead counsel simply rendered ineffective assistance of counsel in making these decisions.

Accordingly, the Petitioner's discovery requests relate to the following grounds advanced in her amended petition: Ground One A, that lead counsel failed to present mitigating evidence in his possession (Doc. No. 19, Petition, Page ID # 9667-675); Ground One C, that lead counsel disclosed such evidence to the State (Doc. No. 19, Petition, Page ID # 9680-681); Ground Two A, that lead counsel was conflicted due to the possibility of ethical and criminal charges (Doc. No. 19, Petition, Page ID # 9684-688), and; Ground Six, that the appointment of lead counsel constituted structural error (Doc. No. 19, Petition, Page ID # 9703-704).

Discovery in a federal habeas proceeding is only allowed upon a showing of good cause. Rule 6, Rules Governing Section 2254 Petitions. Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief." *Bracy v. Gramley*, 520 U.S. 899 (1997).

Here, the Petitioner's discovery requests relate only to grounds that were adjudicated on the merits in state court and properly exhausted before this proceeding.[1] *See Christa Pike v. State*, No. E2009-00016-CCA-R3-PD, 2011 Tenn. Crim. App. LEXIS 285, at *127-33 (Ground Two A and Six), 139-46 (Ground One A), 153-56 (Ground One C). Although the post-conviction court noted its view that the Petitioner's conflict claims were waived, it and the TCCA both chose to address the claims on their merits. *Id*. at *130.

Accordingly, the claims to which the Petitioner's discovery requests relate are governed by 28 U.S.C. § 2254(d), under which the Petitioner must show that the TCCA's decision

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d)(2) explicitly restricts the reviewable record to the evidence presented in state court. Similarly, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 131 S. Ct. at 1398, 1400 n.7 (noting that "the additional clarity of § 2254(d)(2) . . . does not detract from our view that § 2254(d)(1) also is plainly limited to the state-court record").

None of the information requested by the Petitioner could be included in the reviewable record. As a result, the Petitioner's discovery requests could not help her "demonstrate that she is entitled to relief,", and the Petitioner's motion for discovery should be denied.

Even if the Petitioner's requests were not precluded by *Cullen*, she would still not be entitled to discovery. The "specific allegation" requirement requires the Petitioner to show specific evidence supporting her request. As another district court stated, "(g)eneralized

[1] The Respondent has conceded that all of the Petitioner's grounds for relief, with the exception of Ground One D, are properly exhausted. (R. No. 23, Answer, Page ID # 10309).

statements about the possible or speculative existence of evidence does not constitute good cause." *Munoz v. Keane*, 777 F.Supp. 282, 287 (S.D. N.Y. 1991). Instead, "a petitioner must produce specific evidence that supports his claim that the requested material will yield the asserted information." *Aponte v. McKee,* 2007 WL 734986 (E.D. Mich. 2007).

Here, the Petitioner does not assert what specific information she expects these requests to uncover or provide specific evidence in support of her claims that these requests will yield information entitling her to relief. The Petitioner has no specific evidence suggesting that files obtained from the TBI or the Davidson or Knox County district attorneys will reflect that lead counsel was still under criminal investigation at the time of trial. Even if it did, there is no reason to believe that the material would also establish lead counsel's awareness of such a continuing investigation. In any event, there is no evidence that the requested material would support the Petitioner's apparent belief that lead counsel's alleged conflict of interest led him to intentionally underperform during the penalty phase of the Petitioner's trial.

Similarly, the Petitioner hopes that Judge Liebowitz kept a record of the *in camera* meeting at issue, that those records still exist, and that the records reflect that lead counsel intentionally turned over Dr. McCoy's materials to the State. There is no reason to believe such notes exist, however. Judge Leibowitz's oblique reference to "personal files of Miss Pike's trial" does not establish that she took notes during the meeting. (R. 10-6 at 14, PC Motion Hearing, Page ID # 6976). She made no mention of any such notes when discussing the meeting on post-conviction. (R. No. 10-7 at 20-23, PC Motion Hearing, Page ID # 7086-89). Even if such notes did exist, there is no reason to believe they would reflect that lead counsel turned over protected materials in the absence of a court order. The TCCA credited lead counsel's testimony that he "would have turned the material over only upon order of the court." *Pike*, 2011 Tenn. Crim.

App. LEXIS 285, at *154.

The Respondent also notes that the Petitioner's requests, as they relate to her ineffectiveness claims, only relate to the allegation that lead counsel was deficient in his representation. Even if this evidence led to the conclusion that the TCCA had unreasonably applied *Strickland* in holding that lead counsel was not deficient, the court also held that the Petitioner was not prejudiced by lead counsel's penalty phase performance. *Id*. at *145, 155.

Finally, the Petitioner has done no more than speculate about the existence of nexus between the TCCA's decision-making in denying the Petitioner's ineffective assistance claims, and the decision-making of the agencies investigated lead counsel for overbilling. The Petitioner's requests are therefore a mere attempt to obtain depositions or records in the hopes they will provide something helpful, which is the epitome of a prohibited "fishing expedition masked as discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

The Petitioner's request to depose and obtain the personal notes from her trial judge fails for an additional reason. It is well established that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated judicial decisions. *United States v. Morgan*, 313 U.S. 409, 422 (1941). "This protection allows judges to vigorously perform their duties without fear of later having to provide explanatory or observational testimony." *Hensley v. Alcon Labs., Inc.,* 197 F. Supp. 2d 548, 550 (S.D.W. Va. 2002). While the Petitioner notes that a judge may be required to answer factual questions as to a proceeding upon a petitioner's evidence of judicial impropriety, the Petitioner has made no such allegation in this case. Instead, she bases her requests on a mere allegation that the record is incomplete. (R. No. 27, Motion for Discovery, at 14, Page ID #10421.) This rationale is an insufficient basis on which to obtain evidence as to the decision-

making process of a trial judge, and, as previously noted, additional evidence relating to an ineffective-assistance claim that was decided in state court is precluded by *Cullen* in any event.

## CONCLUSION

Wherefore, the respondent requests that the Court deny the Petitioner's motion for discovery.

Respectfully submitted,

**ROBERT E. COOPER, JR.**,
Tennessee Attorney General & Reporter

/s/ Aaron E. Winter
AARON E. WINTER
Assistant Attorney General
Criminal Justice Division
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-1955
B.P.R. No. 27636

## CERTIFICATE OF SERVICE

I certify that on this, the 22nd day of April, 2013, a true and exact copy of the foregoing has been filed manually with the court, and forwarded via the United States Postal Service, to:

Stephen A. Ferrell
Federal Defender Services of Eastern Tennessee
800 South Gay Street
Suite 2400
Knoxville, TN 37929-9714

/s/ Aaron E. Winter
AARON E. WINTER
Assistant Attorney General