**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| **CHRISTA PIKE,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| **vs.** | ) | No. 1:12-cv-35 |
| | ) | Judge Mattice/Lee |
| **DEBRA JOHNSON, Warden,** | ) | DEATH PENALTY CASE |
| | ) | Oral Argument Requested |
| Respondent. | ) | |

---

**PETITIONER'S REPLY TO RESPONDENT'S RESPONSE IN OPPOSITION TO DISCOVERY**

---

Comes now Petitioner, Christa Pike, and files this reply to Respondent's Response in Opposition to Discovery. (R.30). In opposing Petitioner's discovery requests, Respondent relies heavily on *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), a case that does not discuss, let alone change, the standards to be considered for granting discovery requests in habeas proceedings. Respondent further fails to take into account Petitioner's detailed showing of good cause to believe that helpful evidence will be discovered if she is provided the information she seeks in discovery that meets the standards enunciated by the Supreme Court in *Bracy v. Gramley*, 520 U.S. 899 (1997). Despite amendments to the habeas statute under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and the Supreme Court's interpretation of those amendments in cases like *Pinholster*, *Bracy* remains the controlling authority for this Court's decision on whether to grant discovery in this case. Because Petitioner Pike has shown good cause under *Bracy*, this Court must grant her motion.

**1. *Pinholster* does not control this Court's decision on whether to grant discovery.**

Although Respondent accurately quotes the Supreme Court's holding in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), that holding does not affect this Court's ruling on whether discovery is available in the current habeas proceedings. This is true for three reasons: First, although *Pinholster* limits the scope of a habeas court's review under 28 U.S.C. § 2254(d)(1), it says nothing about the habeas court's ability and discretion to grant discovery. Second, the claims on which Petitioner now seeks discovery are not exclusively governed by § 2254(d)(1). And third, the facts of *Pinholster* demonstrate that it is very different from the case now before this Court.

Pursuant to *Pinholster*, this Court's review of Petitioner's habeas claims under 28 U.S.C. § 2254(d)(1) is limited "to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 131 S. Ct. at 1398. This holding promotes "Congress' intent to channel prisoners' claims first to the state courts." *Id.* at 1398-99, quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). The *Pinholster* court also found "§ 2254(d)(1) focuses on what a state court knew and did." *Id.* at 1399. The *Pinholster* court explicitly disavowed its application to 28 U.S.C. § 2254(e) and never mentioned (d)(2). *Id.* at 1400-01. Most importantly, *Pinholster* says nothing about Habeas Rule 6 that governs discovery. That was not the issue before the Court and that fact limits *Pinholster*'s applicability to Petitioner's Motion for Discovery.

Petitioner's Grounds for Relief One and Two are not exclusively governed by § 2254(d)(1). In her habeas petition, Pike made clear that she was challenging the factual findings that underpinned the state court's denial of relief. *See* Habeas Petition (R.19, pp.43-46). Thus, she is arguing that the Tennessee courts made unreasonable findings based on the evidence that

was before the state court. *See* 28 U.S.C. § 2254(d)(2). She has also alleged that the state post-conviction court unreasonably cut off Petitioner's efforts to present evidence that would have bolstered her claims for relief. In particular, the post-conviction court refused to recuse itself and quashed the subpoena that would have compelled the trial judge to give relevant testimony about the facts surrounding trial counsel's decision to turn over the entirety of their investigation file and to abandon their strategy in mitigation. (R.10-7, Add.5, Doc.27, Judge Leibowitz, PC Motions Hrg., Page ID # 7089).

In addition, the record demonstrates that the same trial court failed to make any conclusive findings of fact as to the key factual dispute about what happened at that *in camera* hearing and about whether counsel was ordered to turn over their file because of their dilatory actions. The issue of whether counsel was ordered to turn over all of their mitigation materials as a sanction for their failure to turn over expert reports in a timely fashion was never resolved in the state post-conviction court. This Court must now decide whether counsel made that fateful decision because of Mr. Talman's fear of further sanctions where the consequences of his earlier ethical lapses had never been finalized.

Finally as to *Pinholster*, the facts of that case demonstrate that it is very different from the factual scenario now before this Court in ways that impact this Court's decision on whether it controls any decision to grant discovery. In *Pinholster*, there are no allegations that the state court limited factual inquiry by the petitioner. Rather, the petitioner in *Pinholster* purposefully changed his theory of mitigation between state post-conviction and federal habeas. *See* *Pinholster*, 131 S. Ct. at 1397. Nothing about that case suggests that Pinholster was denied the opportunity to fully develop his case during state post-conviction. Instead, the *Pinholster* court

emphasized the fact that its holding did not contradict the holding in *Williams v. Taylor*, 529 U.S. 420 (2000), where the habeas petitioner was allowed to present evidence in a federal habeas corpus hearing because he was diligent in trying to develop and present those facts in state court. *Pinholster*, 131 S. Ct. at 1400-01. Pinholster had his chance in state court but decided to change the evidence in federal court.

The scenario in the present case is completely different from *Pinholster*. Petitioner Pike is not trying to change her theory of mitigation. In fact, she is advancing the same evidence she presented in state court and maintains that this evidence entitles her to relief. She presented abundant evidence to show that at the last minute, trial counsel abandoned a compelling mitigation after giving their entire file to the prosecution. She also presented compelling evidence of neurological impairment and bipolar disorder that her trial counsel never bothered to uncover. Unlike *Pinholster*, her mitigation case in federal habeas is identical to the one she presented to the state courts.

At the same time, Petitioner Pike is challenging the factual findings of the state courts that limited her ability to present evidence about her lead trial attorney's motives in "tactical" decisions made during her capital trial. The Tennessee officials refused to turn over the evidence now sought in discovery. Then, the Tennessee courts chose to credit the testimony of Pike's trial attorney after he had been sanctioned for dishonesty by those same courts one day after they affirmed Pike's death sentence.

The *Pinholster* court emphasized that "§ 2254(d)(1) focuses on what a state court knew and did." *Pinholster*, 131 S. Ct. at 1399. Petitioner Pike's discovery requests focus exclusively on matters that were all within the control and knowledge of the state courts. In her case, unlike

Pinholster's, the State simply refused to give up its information. Where the entire purpose of an action under habeas corpus is for a state prisoner to challenge a state's unconstitutional conviction and sentence, it would be bizarre for that same state to be able to deny access to evidence under their control and then say that the Petitioner fails because she did not produce that evidence in state court.

The *Pinholster* court recognized that its decision did nothing to change the mandate of 28 U.S.C. § 2254(e)(2) as interpreted by *Williams v. Taylor*, 529 U.S. 420 (2000). The question in *Williams* was whether the petitioner "failed to develop the factual basis of a claim in the State court proceedings." *Pinholster*, 131 S. Ct. at 1400, fn.4. *Williams* recognized that where the petitioner was not at fault in any failure to present evidence to the state court, the petitioner was not barred from a federal evidentiary hearing. *Williams*, 529 U.S. at 1491.

Nowhere does Respondent argue that Petitioner Pike is at fault for any failure to present the evidence sought through discovery. She does not do this because she cannot. Petitioner took advantage of every opportunity to develop a very thorough record in state court and, unlike the petitioner in *Pinholster*, is not seeking to change the evidence in federal court. However, Petitioner now seeks to uncover and present further evidence that she was prevented from presenting in state post-conviction.[1] This evidence will help to demonstrate that the state court factual findings are unreasonable.

[1]In *Pinholster*, the Court emphasizes that (d)(1) review cannot include "evidence [the state court] did not even know existed" and "matters beyond its knowledge." *Id*. at 1399, fn.3. In the present case, the Warden cannot complain that Judge Leibowitz had no idea what was in her own trial notes or that agents of the prosecution knew nothing about the decision not to prosecute Mr. Talman. Unlike *Pinholster*, Petitioner Pike was the only one in the dark about these matters during state post-conviction.

Justice Breyer's concurrence in *Pinholster* recognizes that the Court's holding does not cut off all factual inquiry in habeas: "If the state courts reject the claim, then a federal habeas court may review that rejection on the basis of the materials considered by the state court. If the federal habeas court finds that the state-court decision fails (d)'s test (or if (d) does not apply), then an (e) hearing may be needed." *Id*. at 1412 (Breyer, J., concurring). Other federal habeas courts in this circuit have found that this concurrence gives reason to grant discovery or to consider evidence at an evidentiary hearing. *Monroe v. Warden, Ohio State Penitentiary*, No. 2:07-CV-258, 2012 WL 4342890, at *10 (S.D. Ohio Sept. 21, 2012) ("While *Pinholster* does not permit this Court to consider extra-record evidence in deciding the § 2254(d)(1) question, it does not dictate the order in which that question must be considered in a habeas case and, as Monroe points out, does not discuss habeas discovery at all. . . . Even if the Court does not yet know whether it will be able to consider the evidence generated by the depositions, prudence in the preservation of evidence suggests strongly that the evidence be taken now so that it is not lost forever."); *Fanaro v. Pineda*, No. 2:10-CV-1002, 2012 WL 1854313, at *6 (S.D. Ohio May 21, 2012) ("Because the Court concludes that the state courts unreasonably applied or contravened federal law in rejecting [petitioner's] ineffective assistance claim, Petitioner may present new or additional evidence in support of this claim[.]"); *Caudill v. Conover*, 871 F. Supp. 2d, 639, 649 (E.D. Ky. 2012) ("[T]he *Pinholster* decision only holds that new evidence may not be considered in determining whether a Petitioner's claims are barred by § 2254(d). . . . Accordingly, the Court may consider new evidence obtained by way of discovery or an evidentiary hearing if the Petitioner first overcomes 28 U.S.C. § 2254(d)[.]"); *Williams v. Houk*, No. 4:06-CV-451, 2012 WL 6607008, at *5 (N.D. Ohio Dec. 18, 2012) ("[I]f this Court decides, based solely on the state

court record, that the state court decisions at issue contravene or unreasonably apply clearly established federal law or involve an unreasonable determination of the facts pursuant to § 2254(d)(1) or (2), this Court may then consider additional evidence to determine whether federal habeas relief should be granted." ).

Petitioner Pike maintains that she meets the (d) standards referred to by Justice Breyer. She has alleged that the state courts' findings of fact were unreasonable based on the record before them under (d)(2). She has also alleged that the state court's findings were unreasonable because the state courts making the decisions were parties to the action before them and were therefore affected by a conflict of interest. (R.19, Petition for Writ of Habeas Corpus, pp.43-46). The State of Tennessee has not alleged that she was at fault for failing to develop a record under (e)(2). All of this leads to the inescapable conclusion that *Pinholster* does not prevent this Court from granting the discovery sought in her motion.

**2. Petitioner has Shown Good Cause for this Court to Grant Discovery.**

Petitioner Pike refers this Court to her original Motion for Discovery (R.27) to refute Respondent's argument that she has failed to make specific allegations that meet the "good cause" requirement for discovery. The information sought is not a "fishing expedition." Rather, Petitioner has requested tangible information that may shed light upon key factual disputes concerning Attorney Talman's representation and the trial court's orders. It is reasonable to believe that Judge Leibowitz may have noted rulings from the *in camera* hearing in her personal files. Petitioner is not seeking Judge Leibowitz's "mental processes" or the "reasons that motivated judicial decisions." (R.30, Response in Opposition to Discovery, p.5). Rather Petitioner is merely seeking to know what the judicial decision was.

It is further reasonable and not speculative to believe that Tennessee Bureau of Investigation ("TBI") files may shed light onto the decision not to prosecute Attorney Talman for his practice of overbilling the State of Tennessee and when that decision was made. At some point, that decision was made. Petitioner sought this evidence in state court because it is highly relevant to the issues in post-conviction. It is now relevant so that this Court can decide whether the Tennessee courts' decisions in her case were reasonable or whether she meets the standards for habeas relief. Petitioner has shown good cause under *Bracy*, the standard that governs discovery requests. *Bracy v. Gramley*, 520 U.S. 899 (1997).

**CONCLUSION**

For these reasons, and for the reasons articulated in Petitioner's Motion for Discovery (R.27), this Court should grant the limited discovery sought in this case.

Respectfully submitted,

FEDERAL DEFENDERS SERVICES
OF EASTERN TENNESSEE, INC.

BY: /s/Stephen Ferrell
Stephen Ferrell
Assistant Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
(865) 637-7979

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2013, the foregoing Reply to Respondent's Response in Opposition to Discovery was filed electronically. Notice electronically mailed by the Court's electronic filing system to all parties indicated on the electronic filing receipt. Notice delivered by other means to all other parties via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/Stephen Ferrell
Stephen Ferrell