UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CHRISTA GAIL PIKE, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No.: 1:12-cv-35 |
| | ) | *Mattice / Lee* |
| | ) | |
| DEBRA JOHNSON, Warden, | ) | |
| *Respondent*. | | |

**MEMORANDUM AND ORDER**

This capital habeas corpus case under 28 U.S.C. § 2254 was referred pursuant to 28 U.S.C. § 636(b)(1)(A) for disposition of all non-dispositive motions. Petitioner has filed such a motion for discovery which the respondent opposes. For the reasons set forth below, the motion for discovery [Doc. 27] will be **GRANTED IN PART** and **DENIED IN PART**.

## I. Applicable Law

A habeas petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Good cause exists where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to

demonstrate that she is entitled to relief. *See Harris v. Nelson*, 394 U.S. 286, 300 (1969). Petitioner need not show that additional discovery would definitely lead to relief. Rather, she need only show good cause that the evidence sought might lead to relevant evidence regarding her petition. But she may not make this showing through vague and conclusory assertions, nor may she embark on a fishing expedition intended to develop claims for which there is no factual basis. *See Stanford v Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Thus, "'[w]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.'" *Bracy v. Gramley*, 520 U.S. at 908-909 (quoting *Harris v. Nelson*, 394 U.S. at 300).

The Supreme Court has noted that "Habeas Corpus Rule 6 is meant to be 'consistent' with *Harris*." *Bracy*, 520 U.S. at 909 (quoting Advisory Committee Notes on Habeas Corpus Rule 6 (1976)). The burden is on petitioner to demonstrate the materiality of the information he is requesting. *See Stanford v Parker*, 266 F.3d at 460. Once good cause is shown, a habeas petitioner may avail herself of the discovery procedures permitted by the Federal Rules of Civil Procedure (including the use of interrogatories, depositions, document requests, and request for tangible evidence) to develop those claims which are properly before the court; to obtain a factual basis on which to excuse procedural default; or to determine whether to request an evidentiary hearing. *See* Rule 6 and Advisory Committee Notes.

## II. Discovery Requests

Petitioner seeks to discover the following:

> -Records of the criminal investigation into Attorney William Talman's practice of overbilling in cases where he was appointed to represent indigent criminal defendants. These records include records from the Tennessee Bureau of Investigation, as well as files from the district attorney's offices in Davidson and Knox County, Tennessee.
>
> -Records and information from Knox County Criminal Court Judge Mary Beth Leibowitz concerning the in-chambers conference where Attorney Talman turned over the entire investigative file on potential mitigating evidence gathered by Mitigation Specialist McCoy to the prosecuting attorneys.

[Doc. 27, Motion for Discovery, p. 1]. Petitioner states that she needs this discovery for the following reasons: to assemble additional evidence for presentation at the evidentiary hearing she intends to seek; if necessary, to oppose a motion for summary judgment filed by respondent; and to aid in demonstrating that the state courts erred in their determination of factual issues in the case.

The first request pertains to petitioner's claim of ineffective assistance of counsel based upon a conflict of interest. William Talman was appointed to represent petitioner as lead trial counsel. At the time, he was facing criminal and ethical charges based upon his practice of overbilling in cases where he was appointed to represent indigent criminal defendants. According to petitioner, the Tennessee Supreme Court resolved the ethical charges against Mr. Talman the day after the court affirmed petitioner's conviction and death

sentence, and thus was aware of Mr. Talman's misconduct as well as his conditional guilty plea before the Tennessee Board of Professional Responsibility.

Petitioner also contends that, although the Tennessee Bureau of Investigation conducted a criminal investigation into the overbilling, no charges were brought against Mr. Talman. According to petitioner, at the time of petitioner's trial the statute of limitation with respect to the criminal charges for overbilling had not run and thus Mr. Talman was still subject to prosecution. Petitioner apparently seeks to discover who ultimately decided not to prosecute Mr. Talman criminally, since she alleges that the investigation was handled by both the Office of the Attorney General for Davidson County and the Office of the Attorney General for Knox County. The Office of the Attorney General for Knox County was, of course, the agency that was prosecuting petitioner at the time of the investigation into Mr. Talman's overbilling.

The second request pertains to petitioner's claim of ineffective assistance of counsel in that trial counsel turned over to the State all the evidence gathered by their mitigation specialist just prior to the penalty phase of the trial and then did not call the mitigation specialist as a witness nor otherwise present the mitigation evidence she had gathered. Petitioner alleges that the decision to turn over the mitigation evidence occurred during an off-record, *in camera* hearing in the chambers of trial judge Mary Beth Leibowitz immediately following the guilty verdict in the guilt phase of the trial. According to

petitioner, no one could remember exactly what occurred during the meeting in chambers, other than defense counsel turned over to the prosecutor the mitigation materials.

There is apparently some question as to whether Judge Leibowitz ordered that the materials be turned over to the State. Petitioner contends that counsel had a duty to make sure that the issuance of such an order was on the record and that the record reflected an objection from defense counsel. Petitioner further contends that counsel had a duty to insure that privileged attorney work product was not turned over to the prosecutor. To that end, petitioner alleges that Judge Leibowitz indicated that she kept a personal record of her courtroom proceedings, including her personal files of petitioner's trial and post-conviction proceedings, and that the judge's personal record will shed light on what took place in the in-chambers meeting.

**III. Discussion**

Respondent contends that the requested discovery relates to claims that petitioner litigated in state court and that consideration of additional evidence is barred by *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). Respondent further contends that petitioner has failed to state sufficient facts to make a showing of good cause and failed to show that the requested material would provide beneficial information even if obtained.

Pursuant to 28 U.S.C. § 2254(d), a petitioner may not obtain federal habeas corpus relief with respect to a claim that was adjudicated on the merits in a state court proceeding unless the state court decision (1) was contrary to, or involved an unreasonable application

of, clearly established federal law or (2) was not reasonably supported by the evidence presented to the state court. In *Cullen v. Pinholster*, the Supreme Court held "that review [under § 2254(d)(1)] is limited to the record that was before the state court that adjudicated the claim on the merits." *Id*. at 1398. Because the Tennessee Court of Criminal Appeals found that petitioner received the effective assistance of counsel, respondent argues that *Cullen v. Pinholster* bars petitioner from seeking to discover evidence that was not presented to the appellate court in post-conviction proceedings.

While *Cullen v. Pinholster* limits the scope of review under § 2254(d)(1), it says nothing about the court's discretion to allow discovery. *See, e.g.*, *High v. Nevens*, No. 2:11-cv-00891-MMD-VCF, 2013 WL 1292694, at *4 (D. Nev. Mar. 29, 2013) ("[T]he Supreme Court made no holding in *Pinholster* as to whether a district court may grant leave for discovery before it determines whether § 2254(d)(1) has been satisfied on the merits."); *Williams v. Houk*, No. 4:06 cv 451, 2012 WL 6607008, at *4 (N.D. Ohio Dec. 18, 2012) ("*Pinholster* itself did not reference Habeas Rule 6 or *Bracy v. Gramley*, 520 U.S. 899, 904 [] (1997), nor does it otherwise directly address the issue of habeas discovery."); *Monroe v. Warden*, No. 2:07-cv-258, 2012 WL 4342890, at *10 (S.D. Ohio Sept. 21, 2012) ("While *Pinholster* does not permit this Court to consider extra-record evidence in deciding the § 2254(d)(1) question, it does not dictate the order in which that question must be considered in a habeas case and ... does not discuss habeas discovery at all."); *Conway v. Houk*, No. 2:07-cv-947, 2011 WL 2119373, at *3 (S.D. Ohio May 26, 2011) ("*Pinholster* did not ...

speak to the standards governing discovery set forth in Rule 6" and "[t]hat is reason enough to refrain from invoking *Pinholster*'s restrictions at the discovery phase."). In addition, and as the United States District Court for the Northern District of Ohio noted, the United States Court of Appeals for the Sixth Circuit has offered "no clear guidance ... regarding how *Pinholster* applies to the availability of discovery in federal habeas proceedings." *Williams*, 2012 WL 6607008, at *4. As held in *Williams*:

> [W]hile the Sixth Circuit has relied on *Pinholster* to affirm the denial of federal evidentiary hearings with respect to claims that have been adjudicated on the merits, it has not yet squarely addressed the specific issue of whether or to what extent *Pinholster* impacts the availability of discovery under Habeas Rule 6.

*Id*. (footnote omitted).

In addressing such discovery issues, the United States District Court for the Southern District of Ohio stated:

> [T]he Court concludes that its discretion is better exercised in not foreclosing at this stage the possibility of discovery. Were the Court to permit discovery only after it appears that *Pinholster* would not bar consideration of new evidence, the Court would be adding months of delay to the proceedings, a result that could be avoided by simply permitting discovery that otherwise appears to be warranted under Rule 6. The Court recognizes the downside of its position—namely the possibility that time and money will be expended in the discovery of evidence that this Court might never consider. That is a risk the Court is willing to take. In a death penalty habeas corpus case, the Court prefers to err on the side of gathering too much information rather than too little.

*Conway*, 2011 WL 2119373, at *4.

Applying these principles, I find the petitioner has shown good cause that the records of the criminal investigation into Attorney William Talman's practice of overbilling in his appointed criminal cases could lead to relevant evidence regarding petitioner's habeas corpus petition. Although the post-conviction court addressed petitioner's conflict of interest claims to an extent, the information petitioner now seeks appears to be more geared toward challenging the state court's factual findings, and may be relevant to that end even if the evidence itself cannot be considered in the eventual review pursuant to 28 U.S.C. § 2254(d)(1). Accordingly, the motion for discovery of records from the Tennessee Bureau of Investigation and the district attorney's offices in Davidson County and Knox County of the criminal investigation into Attorney William Talman's practice of overbilling in cases where he was appointed to represent indigent criminal defendants is granted.

With respect to the requested discovery from Judge Leibowitz, however, the motion for discovery is denied because I find the petitioner has not shown good cause that the personal files of Judge Leibowitz or any personal recollection she may have might lead to relevant evidence regarding her habeas corpus petition. It is purely speculation that Judge Leibowitz has notes regarding this hearing or remembers the circumstances of the hearing, and it is even more speculative that these notes might be relevant to petitioner's habeas corpus petition. In addition, "[t]he overwhelming authority concludes that a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties."

*United States v. Roebuck*, 271 F. Supp. 2d 712, 718 (D. V.I. 2003) (citing *United States v. Morgan*, 313 U.S. 409, 422 (1941); *Fayerweather v. Ritch*, 195 U.S. 276, 306-07 (1904)); see *also Hensley v. Alcon Labs., Inc.*, 197 F. Supp. 2d 548, 550 (S.D. W. Va. 2002) ("This protection allows judges to vigorously perform their duties without fear of later having to provide explanatory or observational testimony."); *United States v. Cross*, 516 F. Supp. 700, 707 (M.D. Ga. 1981), *aff'd*, 742 F.2d 1279 (11th Cir. 1984) ("[J]udges are under no obligation to divulge the reasons that motivated them in their official acts; the mental processes employed in formulating the decision may not be probed.").

## IV. Conclusion

The motion for discovery [Doc. 27] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to records of the criminal investigation into Attorney William Talman's practice of overbilling in cases where he was appointed to represent indigent criminal defendants. The motion is **DENIED** as to the requested discovery from Judge Leibowitz.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE