UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CHRISTA GAIL PIKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 1:12-cv-35 |
| v. | ) | Mattice/Lee |
| | ) | DEATH PENALTY CASE |
| DEBRA JOHNSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

---

**OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR DISCOVERY**

---

Comes the Petitioner, Christa Gail Pike, by and through counsel, pursuant to FED. R. CIV. PRO. RULE 72(a), and files this objection to the Magistrate Judge's Memorandum and Order (R.32) granting in part and denying in part Petitioner's Motion for Discovery (R.27).

## I. <u>Introduction and Standard of Review</u>

Petitioner made two discovery requests in her Motion for Discovery. Both requests were made in an effort to uncover further evidence to support Petitioner's claims of ineffective assistance of trial counsel:

> -Records of the criminal investigation into Attorney William Talman's practice of overbilling in cases where he was appointed to represent indigent criminal defendants. These records include records from the Tennessee Bureau of Investigation, as well as files from the district attorney's offices in Davidson and Knox County, Tennessee.
>
> -Records and information from Knox County Criminal Court Judge Mary Beth Leibowitz concerning the in-chambers conference where Attorney Talman

> turned over the entire investigative file on potential mitigating evidence gathered by Mitigation Specialist McCoy to the prosecuting attorneys.

(*Id.* at Page ID # 10408). The Magistrate Judge granted Petitioner's first request, but denied the second. (R.32, Page ID # 10459). The Magistrate found that the second request was based on pure speculation and was improper because "a judge may not be compelled to testify concerning the mental processes used in formulating official judgments or the reasons that motivated him in the performance of his official duties." (*Id.* at Page ID # 10459).

A district court judge may reconsider a magistrate judge's order in a pretrial matter where there is a "show[ing] that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Upon filing of objections to an order of the magistrate judge, "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. PRO. RULE 72(a). Because Petitioner has shown good cause for all of her discovery requests, the Magistrate Judge's ruling denying part was erroneous and contrary to law. For this reason, Petitioner now objects to the partial denial entered by the Magistrate Judge.

## II. Petitioner has shown good cause for the requested discovery of the trial judge's records and information concerning the in-chambers conference where Attorney Talman turned over the entire investigative file of mitigating evidence to the prosecution.

Petitioner respectfully objects to the Magistrate Judge's denial of discovery concerning Judge Leibowitz for lack of good cause. Petitioner has presented compelling proof of a denial of the effective assistance of counsel as required by the Sixth Amendment. She has alleged that her trial counsel was constitutionally ineffective during her trial and that counsel's ineffectiveness is

due, at least in part, to a conflict of interest. (*See generally* R.19, habeas petition, Page ID # 9666-90).

During an in-chambers conference held just after the jury returned its guilty verdict and prior to the beginning of the penalty phase, Petitioner's attorney, William Talman, turned his entire mitigation investigation file over to the prosecution. (R.10-6, Add.5, Doc.26, PCT, Page ID # 7026). Although the record is not clear whether the trial court ordered disclosure of the materials during the in-chambers conference, it is clear that trial counsel had an absolute duty to make sure that the record reflected the issuance of any such order and that it also reflected an objection from counsel since such complete disclosure was unnecessary under discovery rules. Furthermore, counsel had a duty to insure that what was turned over did not constitute privileged attorney work product. The current record does not indicate whether trial counsel objected to disclosure at all. Petitioner has argued in her habeas petition that trial counsel failed to fulfill his duty toward his client due to his conflict of interest, and the discovery requested would show the circumstances surrounding counsel's failure and help this Court understand the exact nature of the prejudice that flowed from counsel's substandard performance. (*See generally* R.19 habeas petition, Grounds I and II Page ID # 9666-90).

Petitioner objects to the Magistrate Judge's denial of discovery concerning Judge Leibowitz and her files as speculative because Petitioner has a firm basis in fact to believe that the material sought will lead to relevant evidence that would help her establish her claim of a constitutional violation. Judge Leibowitz has indicated that she kept a personal file during the trial. (R.10-6, Add.5, Doc.26, PC Motion Hrg., Page ID # 6976). It is reasonable to believe that she would record what rulings she made at the conference where Attorney Talman turned over

his mitigation file to the prosecution. It is also reasonable to believe she may have some personal recollection of what took place at that time.

Judge Leibowitz has never been compelled to give testimony concerning the proceedings of the in-chambers conference and has never reached a factual conclusion regarding what took place. Questioning through deposition or interrogatories would best establish her recollection of those events. This would allow the court to finally resolve the factual issue that is important to evaluating the constitutional adequacy of Attorney Talman's performance during Petitioner's penalty phase.

Petitioner also objects to Magistrate Judge's finding that the requested discovery sought trial judge's "mental processes" or the "reasons that motivated judicial decisions." Petitioner does not seek Judge Leibowitz's "mental processes" or the "reasons that motivated judicial decisions." (R.32, Page ID # 10459). Rather, Petitioner merely seeks to learn the judicial decision made during the in-chambers conference and her personal notes could very well reveal this. Petitioner needs to determine whether trial counsel was ordered to hand over mitigating evidence to the State, and whether trial counsel objected to any such order.

The bottom line is that this Court will have to reach a conclusion as to what happened at that in-chambers conference in order to determine the critical issue of trial counsel's ineffectiveness. Evidence from Judge Leibowitz could greatly aid the Court in reaching that conclusion and it is reasonable to believe that the discovery sought would reveal it.

Petitioner has made credible allegations of a constitutional violation. The discovery sought in this case is limited but necessary for a full litigation of the claims in Pike's habeas petition. Discovery should be granted.

## III. <u>Conclusion</u>

For the reasons set forth above and for all of the reasons explained in Petitioner's Motion for Discovery, Petitioner respectfully objects to the portion of the Magistrate's order dated June 6, 2013, denying in part her motion for discovery. She further requests that this Court enter an order permitting all discovery requested.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

BY: /s/Stephen A. Ferrell
Stephen A. Ferrell
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
(865) 637-7979

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2013, notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/Stephen A. Ferrell
Stephen A. Ferrell