UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CHRISTA GAIL PIKE, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | Case No. 1:12-cv-35 |
| v. | ) | |
| | ) | Judge Mattice |
| DEBRA JOHNS, *Warden*, | ) | Magistrate Judge Lee |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

**ORDER**

On March 20, 2013, Petitioner Christa Gail Pike filed a Motion for Discovery. (Doc. 27). In her Motion, she sought to discover the following:

> -Records of the criminal investigation into Attorney William Talman's practice of overbilling in cases where he was appointed to represent indigent criminal defendants. These records include records from the Tennessee Bureau of Investigation, as well as files from the district attorney's offices in Davidson and Knox Count[ies], Tennessee.
>
> -Records and information from Knox County Criminal Court Judge Mary Beth Leibowitz concerning the in-chambers conference where Attorney Talman turned over the entire investigative file on potential mitigating evidence gathered by Mitigation Specialist McCoy to the prosecuting attorneys.

(*Id*. at 3).

Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Susan K. Lee granted in part and denied in part Petitioner's Motion. (Doc. 32). Magistrate Judge Lee granted the Motion with respect to records of the criminal investigation into Attorney Talman's conduct, but she denied the Motion as to the requested discovery from the personal files of Judge Leibowitz.

Petitioner objected to Magistrate Judge Lee's Order. (Doc. 33). In her objection, Petitioner states that she has shown good cause for the requested discovery of Judge Leibowitz's personal file concerning the post-conviction evidentiary hearing at which Attorney Talman disclosed mitigating evidence to the State. She contends that the Magistrate Judge erroneously found that her request was "speculative" because there is "a firm basis in fact to believe that the material sought will lead to relevant evidence that would help her establish her claim of a constitutional violation." (*Id.* at 3). Specifically, she argues that it is not clear whether Judge Leibowitz ordered Attorney Talman to hand over mitigating evidence or, if so, whether Attorney Talman objected:

> Petitioner has argued in her habeas petition that trial counsel failed to fulfill his duty toward his client due to his conflict of interest, and the discovery requested would show the circumstances surrounding counsel's failure and help this Court understand the exact nature of the prejudice that flowed from counsel's substandard performance.

(*Id.*). According to Petitioner:

> The bottom line is that this Court will have to reach a conclusion as to what happened at that in-chambers conference in order to determine the critical issue of trial counsel's ineffectiveness. Evidence from Judge Leibowitz could greatly aid the Court in reaching that conclusion and it is reasonable to believe that the discovery sought would reveal it.

(*Id.* at 4).

Respondent did not respond to Petitioner's objection.

The Court has conducted a *de novo* review of the record, including Petitioner's objection and the Magistrate Judge's Report and Recommendation. The Court will **OVERRULE** Petitioner's objection, and it will **ACCEPT** and **ADOPT** the Magistrate Judge's findings of fact and corresponding Order. In so doing, the Court will briefly supplement the Magistrate Judge's Order with its own conclusions.

Habeas petitioners have no right to automatic discovery. *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quotation omitted). For good cause shown, the district court has the discretion to permit discovery in a habeas proceeding, "provided that the habeas petitioner presents specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate." *Post v. Bradshaw*, 21 F.3d 406, 425 (6th Cir. 2010) (citing 28 U.S.C. § 2254 Rule 6(a); *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001)). Conclusory allegations are not sufficient to warrant discovery under Rule 6; rather, a petitioner must set forth specific allegations of fact. *Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009) (citing *Williams*, 380 F.3d at 974). Put another way: "Rule 6 does not sanction fishing expeditions based on a petitioner's conclusory allegations." *Id.*

No party has objected to the Magistrate Judge's order permitting discovery as to the criminal investigation into Attorney Talman.

With respect to Petitioner's request for discovery related to Judge Leibowitz's personal materials, the Court agrees with the Magistrate Judge. Petitioner's request is based on pure speculation and conjecture. Petitioner claims to have a "firm basis in fact" for believing that the sought-after material exists, but she offers little in the way of support. Petitioner's sole cited basis for believing that the trial judge's personal notes would assist her constitutional claim is an offhanded statement the judge made to Petitioner during a 2006 post-conviction motions hearing:

> THE [TRIAL] COURT: All right. These two little brown files here are my personal files of Miss Pike's trial, and all of these are of the post-conviction matters. I [propose]that we deal with your motions regarding recusal, quashing – and I'm standing up for a good reason, and that is I'm getting stiff because I'm getting old.

(Doc. 33 at 3) (citing Doc. 10-6 at 14-15).

Judge Leibowitz's remark indicates merely that she – like most judges – kept personal notes during and after trial. Petitioner makes only a bald prediction that Judge Leibowitz likely recorded any rulings she made at the conference.[1] She has offered no evidence suggesting that Judge Leibowitz took notes during the in-chambers conference at which Attorney Talman disclosed his investigative file. Even if Petitioner had pointed to evidence demonstrating that such informal records are, in fact, extant, nothing beyond Petitioner's unfounded estimations indicates that they would shed light on Attorney Talman's decision to hand over his mitigating evidence to the State. Quite simply, Petitioner's hunch about what a judge's personal notes may or may not memorialize – assuming such notes even exist – is not "good cause" within the meaning of Rule 6(a). Were the Court to grant Petitioner's Motion for Discovery in this respect, it

[1] Petitioner further offers that "[i]t is reasonable to believe [Judge Leibowitz] may have some personal recollection of what took place at that [conference]." (Doc. 33 at 4). This supposition likely relates to Petitioner's oblique suggestion that Judge Leibowitz could be deposed in connection with these habeas proceedings. (*See, e.g.*, Doc. 27 at 10-11) (specifically requesting "Knox County Criminal Court Judge Leibowitz's internal records" related to the in-chambers conference, but stating that "[a] deposition of Judge Leibowitz about that conference would also shed light on that subject"). Petitioner is not entitled to depose Judge Leibowitz for the same reason she is not entitled to comb through the judge's personal files: such efforts would be wholly speculative and entirely unlikely to produce any evidence of value to her present habeas action. In fact, Judge Leibowitz herself indicated that she could offer no further insight of value:

> I remember that there were volumes – and I'm not trying to testify; I'm just trying to – trying to make a ruling here – of mitigation materials. Those were turned over to the State as required after the verdict . . . .
>
> Again, for the purposes of your Motion for a Subpoena, a judge speaks through their rulings. So you can take those rulings and say, "Okay. These are the grounds for post-conviction petition." But you can't subpoena me to ask me what I thought or what I think or what I remember. I've told you as much as I can in order to make this case go forward.
>
> I remember that evening. I remember that verdict coming in. I remember us having a discussion, and I remember us discussing whether – when the State got its materials. And everything is spoken for through the transcript, I think. And if there isn't – and if there's anything else we're going to have to get it out of those transcripts that we have.

(Doc. 10-7 at 21-23).

would lend its approval to precisely the kind of "fishing expedition" that is beyond the contemplation of the Rule.[2]

Additionally, even if the Court were to grant Petitioner's Motion in whole, it cannot conceive of what benefit she may realize through her requested discovery. Based on the record as it now appears, it could reasonably be argued that the absence of documentation regarding the in-chambers conference suggests that Attorney Talman turned over his investigative file of his own volition, completely free from any judicial compulsion.[3] Petitioner has identified nothing that *could* be contained within Judge Leibowitz's personal notes that would in any way strengthen her case.[4] That is to say, she has pointed to nothing establishing that "the facts, if fully developed, may lead the [C]ourt to believe that federal habeas relief is appropriate." *Post*, 21 F.3d at 425 (6th Cir. 2010). Thus, even if the Court were to assume that Petitioner's present request was not wholly speculative, discovery as to Judge Leibowitz's personal notes or recollections regarding the in-chambers conference would still be inappropriate.

Accordingly, the Court **ACCEPTS** Magistrate Judge Lee's findings of fact and conclusions of law, and it **ADOPTS** the Magistrate Judge's Order as supplemented herein. Petitioner's objections are **OVERRULED**.

---

[2] It is also at least worth noting that, in this case, such authorization would permit a fishing expedition into the personal files of a sitting judicial officer.

[3] At this stage, the Court reaches no conclusion concerning the validity of such an argument or its import on Petitioner's constitutional claims.

[4] For example, if Petitioner were to discover that Attorney Talman produced his mitigating evidence only because he was ordered to do so by the trial court, it seems entirely probable that Petitioner's claim concerning Attorney Talman's ineffective performance would be substantially undermined. Conversely, if Judge Leibowitz's notes indicated the absence of any such directive, Petitioner's present position would remain largely unchanged.

**SO ORDERED** this 16th day of July, 2012.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE