UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CHRISTA GAIL PIKE,<br><br>*Petitioner,*<br><br>v.<br><br>VICKI FREEMAN, Warden,[1]<br><br>*Respondent.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No: 1:12-cv-35<br><br>Judge Mattice |

## MEMORANDUM AND ORDER

This case is before the Court on Tennessee death row inmate, Christa Pike's ("Petitioner") petition for writ of habeas corpus (Doc. 19). Respondent has filed a motion for summary judgment (Docs. 42, 43), and Petitioner has filed a cross motion for partial summary judgment (Docs. 45, 46). Petitioner and Respondent have submitted responses and replies (Docs. 50, 51, 55, 56). Also pending before the Court is Petitioner's Motion for Evidentiary Hearing (Doc. 52) and Motion for Oral Argument on Petitioner's Pending Motions (Doc. 52). Respondent has responded in opposition to Petitioner's motion for oral argument (Doc. 52), but has failed to respond to Petitioner's motion for evidentiary hearing, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

For the reasons stated in this memorandum, Petitioner's Motion for Evidentiary Hearing (Doc. 52) will be **GRANTED** to the extent provided below. Petitioner's motion for oral arguments will be **DENIED in part** to the extent Petitioner seeks oral

[1] Warden Vicki Freeman was named Warden of Tennessee Prison for Women on November 1, 2013. Accordingly, the Clerk is **DIRECTED** to change the name of Respondent to Vicki Freeman on the Court's CM/ECF docket sheet.

arguments for her motion for an evidentiary hearing. The Court will reserve ruling on Petitioner's motion for oral arguments on the pending summary judgment motions and on all other issues raised in connection with the motions for summary judgment.

**DISCUSSION**

Under Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, the court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is warranted. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (internal citations omitted) ("Prior to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the decision to grant an evidentiary hearing was generally left to the sound discretion of district courts. That basic rule has not changed."). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro,* 550 U.S. at 474.

Petitioner has moved for an evidentiary hearing on grounds two and six of her petition for writ of habeas corpus (Doc. 52). Ground two alleges that "Petitioner Pike was deprived of the right to unconflicted counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution" (Doc. 19). Petitioner argues that her lead trial counsel was conflicted by the possibility of ethical and criminal charges based on his history of over-billing for his work in indigent cases, and that both her trial counsel and co-counsel created a further conflict of interest by procuring a release of media rights from Petitioner (Doc. 19). Ground Six alleges that "[t]he appointment of counsel with an active conflict of interest known to the trial court constitutes a violation of [Petitioner's] Sixth Amendment right to counsel" (Doc. 19).

Petitioner argues that the state courts either failed to make factual findings or their findings on these claims are unreasonable and are not supported by the state court record and, therefore, an evidentiary hearing to resolve these issues is warranted (Doc. 52).

Petitioner contends that the state court downplayed the significance of the ethical charges her lead counsel faced and unreasonably concluded that the matter was resolved before his appointment to her case (Doc. 52). Particularly, Petitioner argues that although the state court found that the matter was settled based on lead counsel's testimony, the statute of limitations on the charges had not yet run and counsel still faced the possibility of prosecution (Doc. 52).[2] Petitioner argues that her trial counsel's need to protect their own interests ahead of hers was evident in counsel's decision to turn over their entire mitigation expert's report to the prosecution, and to completely abandon their mitigation defense at the eleventh hour (Doc. 52).[3]

The Court finds that Petitioner's claim of conflict of interest cannot be resolved on the basis of the existing record; thus, it will be necessary for the Court to conduct an evidentiary hearing. The Court will, therefore, **GRANT** Petitioner's motion to the extent that the Court will allow Petitioner to present evidence on her claims of ineffective assistance of counsel based on the investigation into lead trial counsel's prior billings to

---

[2] The crux of Petitioner's argument for conflict of interest here appears to stem from the fact that her lead counsel faced the possibility of prosecution by the same Attorney General that prosecuted her case (Doc. 19).

[3] The record indicates that there is disputed testimony between Petitioner's lead trial counsel and Petitioner's trial mitigation expert, Dr. McCoy, concerning the report that was later turned over to the prosecution during an *in camera* hearing. This dispute arises from Dr. McCoy's testimony during Petitioner's post-conviction proceedings that lead trial counsel asked her to lie about the dates her reports were submitted, which lead counsel denies. *See Pike v. State*, No. E2009-00016-CCA-R3-PD, 2011 WL 1544207, at *47 (Tenn. Crim. App. Apr. 25, 2011).

the indigent defense fund, and trial counsel's procurement of media rights to Petitioner's story.

## CONCLUSION

For the reasons previously discussed, Petitioner's motion for an evidentiary hearing (Doc. 52) is hereby **GRANTED** to the extent explained above. Petitioner's motion for oral arguments on her pending motions is **DENIED in part** to the extent mentioned above. The Court will reserve ruling on all other matters concerning the pending motions for summary judgment. Furthermore, the parties are hereby **ORDERED** to file with the Court proposed witness lists, along with the anticipated length of the evidentiary hearing, no later than November 21, 2014.

**SO ORDERED** this 24th day of October, 2014.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE