**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| **CHRISTA GAIL PIKE**,<br><br>Petitioner,<br><br>v.<br><br>**VICKI FREEMAN**, Warden,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:12-cv-35<br>Mattice/Lee<br>DEATH PENALTY CASE |

---

**PETITIONER'S REPLY TO RESPONDENT'S POST-HEARING BRIEF**

---

Respondent's Post-Hearing Brief accurately summarizes the evidence that has been produced in this case, both in State court and before this Court. While Respondent reprints relevant portions of the State court opinion from the Court of Criminal Appeals in this case, she fails to tell this Court why the factual findings of that court are reasonable in light of the entire State court record. Even though the State court factual findings are presumed to be correct, Petitioner Pike has challenged that presumption. Respondent fails to undertake the close factual analysis mandated by the Supreme Court in habeas cases where factual conclusions are challenged.

In failing to conduct that analysis, Respondent does nothing to enlighten this Court about the answer to the questions that are central to deciding whether to grant habeas relief in this case: Why would an attorney abandon abundant mitigating evidence on the eve of the penalty phase after turning over this same

evidence to the prosecution? Was it reasonable for the State courts to accept that attorney's explanations even when other parts of the record contradict that testimony or does the record as a whole demonstrate that the attorney made his decision to protect his own interests?

The information contained in Respondent's Post-Hearing Brief shows that the following facts are undisputed:

- Talman and Dr. McCoy worked together extensively to investigate and prepare for the penalty phase in Petitioner Pike's capital trial.
- On Friday afternoon, after the jury announced its guilty verdict in the case, Talman turned over Dr. McCoy's three-volume Social History to the court and to the prosecutor **because he intended to call her as his mitigation expert in the penalty phase**.
- The lead prosecuting attorney, Bill Crabtree, was angry about the timing of Talman's disclosure and also said that the material was hearsay.
- The next morning, Talman did not call Dr. McCoy to testify. Instead, he offered the testimony of Christa Pike's aunt, father and mother whose brief testimony covers only sixty pages of transcript. These witnesses were unable to testify about borderline personality disorder, or any other psychological disorder.

It is further undisputed that Talman was aware that Dr. McCoy had dated the lead prosecutor in this case before turning over her Social History and that he

intended to build his mitigation case around her testimony nonetheless. Talman also had every opportunity to discuss the contents of her Social History with Dr. McCoy and should have been well aware of her expert opinions before turning it over to the prosecution.

The only conclusion to be drawn from these undisputed facts is that something happened between Friday afternoon and Saturday morning that convinced Talman not to call Dr. McCoy as a witness. Talman's proffered explanations are all based on information he had before turning over the materials. His testimony that Dr. McCoy would not support Dr. Engum's diagnosis of borderline personality disorder is rebutted by the written materials she provided him. Talman's other reasons do not offer plausible reasons for abandoning his entire plan that afternoon, at the last minute, without a reasonable alternative. The State court's acceptance of Talman's explanations was unreasonable in light of the entire record before it. 28 U.S.C. § 2254(d)(2). Where the Petitioner has met the requirements of 2254(d), federal courts may take new evidence at a federal evidentiary hearing. *Brumfield v. Cain*, 135 S. Ct. 2269, 2276 (2015) (quoting *Cullen v. Pinholster*, 563 U.S. 170, ____, 131 S. Ct. 1388, 1401 (2011)).

The only reasonable explanations for Talman's decision, that are supported by the record in this case, all involve Talman protecting his own interests instead of his client's. Talman did not yet know the outcome of official proceedings on serious ethical charges that threatened his ability to practice law. The prosecuting attorney, Crabtree, was angry at the timing of Talman's disclosure of his mitigation expert

and her report. That disclosure contained no expert opinion and Crabtree threatened to have it excluded as hearsay. Talman was responsible for these problems and the threats were coming from a prosecutor who could have considerable influence on the outcome of Talman's ethical difficulties. At the very least, Talman could have suffered personal and professional humiliation when his entire mitigation case was excluded in open court.

Dr. McCoy's testimony that Talman made his decision while he was extremely upset after turning over her materials to Crabtree provides the most likely explanation for Talman's decision not to call her as a witness. Furthermore, her testimony has remained consistent over the years and is consistent with other evidence in the record. At the hearing before this Court, the attorneys for the Warden did not even cross-examine her to point out any inconsistencies or to try to impeach her. Her testimony has remained consistent and is not contradicted by the transcripts or other evidence from the trial.

Respondent is correct that this Court need only consider the evidence presented at an evidentiary hearing when that evidence will help resolve disputed material facts. (R.88, Respondent's Post-Hearing Brief, PageID# 13226 (citing *Jeter v. Keohane*, 739 F.2d 257, 258 (7th Cir. 1984))). Unlike *Jeter*, the material facts underlying Petitioner Pike's claims are disputed. In the instant case, the hearing held May 26-27, 2015, allowed this Court to hear the disputed testimony from the two witnesses whose explanations for what happened that afternoon and evening are crucial to the outcome of this case. The Court was able to observe their

demeanor and judge their credibility in person. The Court must now judge that testimony in light of the entire record now before it and determine whether Petitioner Pike's constitutional rights were violated.

There is no dispute that Christa Pike's trial would be considered won or lost by the outcome of the penalty phase. Talman recognized this fact and spent considerable time and resources working with Dr. McCoy, who found and put together considerable evidence to support Dr. Engum's diagnosis of borderline personality disorder. Dr. McCoy was also prepared to show how evidence from Christa's background led to this disorder and how this disorder led to her involvement in this crime. Christa's tragic background, her mental disorder and her young age made a life sentence a real possibility in this case. Talman's abrupt decision to abandon his own preparation and planning were not based on trial strategy or on Christa's interests. Talman made his decision to protect his own interests and to cover up his own incompetent handling of the penalty phase presentation. The State court findings to the contrary are unreasonable in light of this record and this Court may now consider the evidence presented at the evidentiary hearing and ultimately grant habeas relief on these issues.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

BY: /s/Stephen A. Ferrell
Stephen A. Ferrell
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
(865) 637-7979

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2015, notice of this filing was sent by operation of the Court's electronic filing system to:

Shannon Poindexter, Asst. Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-3486
Shannon.Poindexter@ag.tn.gov

Jennifer Smith, Deputy Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-3487
Jennifer.Smith@ag.tn.gov

All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/Stephen A. Ferrell
Stephen A. Ferrell