UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CHRISTA GAIL PIKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 1:12-cv-35 |
| v. | ) | Judge Mattice |
| | ) | |
| CAROLYN JORDAN, Warden, | ) | DEATH PENALTY CASE |
| | ) | |
| Respondent. | ) | |

**<u>MOTION TO ALTER OR AMEND MEMORANDUM OPINION AND ORDER</u>**

The Petitioner, Christa Gail Pike, through undersigned counsel of record, pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE, and respectfully requests the court reconsider its denial of Certificate of Appealability ("COA") in its Memorandum Opinion and Order entered on March 11, 2016. (R.93 and R.94)

Rule 59(e) allows a party to file motion to alter or amend a judgment no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). A petitioner requesting a COA only needs to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003). The standard does not require Petitioner to prove that some jurists would grant the petition for habeas corpus,

only that "reasonable jurists would find the district court's assessment debatable." *Miller-El*, 537 U.S. at 338.

New case law, decided on March 22, 2016, regarding a similar claim of ineffective assistance of counsel for failure to present a mitigation expert during the penalty-phase of trial, demonstrates that reasonable jurists could determine that Petitioner Pike's claim of ineffective assistance of counsel has merit and deserves further review. For that reason, this Court should issue a COA.

In *Scott McLaughlin v. Troy Steele*, No. 4:12CV1464(CDP), 2016 WL 1106884 (E.D. Mo. March 22, 2016), petitioner McLaughlin alleged in his federal habeas petition that trial counsel was ineffective for failing to adequately investigate the background of McLaughlin's penalty-phase expert, Dr. Caruso. While the jury was deliberating in the guilt phase of McLaughlin's trial, Dr. Caruso informed McLaughlin's trial counsel of professional misconduct that he had committed during medical school that may be the subject of impeachment by the prosecution. Based on this discovery of professional misconduct, trial counsel decided not to call Dr. Caruso to testify as an expert witness. *Id.* at *5. This decision left McLaughlin without mitigation evidence from an expert who could testify about his mental state at the time of the murder. *Id.*

The district court held that counsel was constitutionally ineffective because counsel had failed to do a complete investigation of his case. Had he done so, he would have discovered this problem much earlier. "Counsel should never have been in the situation of deciding, at the last minute, between calling an expert to testify

with a serious truthfulness problem and calling no expert at all." *McLaughlin*, 2016 WL 1106884 at *14. In reaching that conclusion, the court found that "*Wiggins* did not modify *Strickland's* holding that strategic decisions made after thorough investigation are 'virtually unchallengeable.' Instead, it held that courts must assess whether the investigation leading to a strategic decision 'was itself reasonable.'" *Id.,* citing *Wiggins v. Smith*, 539 U.S. 510, 524 (2003) (internal citations omitted). The court held that the decision by trial counsel not to call Dr. Caruso as an expert was not a strategic decision because trial counsel had not performed the groundwork that was reasonably necessary to make an informed strategic decision. *Id.*, citing *Smith v. Dretke*, 422 F.3d 269, 284 (5th Cir. 2005).

The ineffectiveness claim in Petitioner Pike's case is strikingly similar to the one in *McLaughlin*. In both cases, trial counsel had planned to present expert mitigation testimony at the penalty-phase of the capital trial. Also in each case, at the very last minute trial counsel completely abandoned their mitigation strategy for the penalty phase. However, the court in *McLaughlin* reached a different conclusion about counsel's ineffectiveness.

Petitioner's Pike's trial counsel retained expert witness Diana McCoy, Ph.D., ABAP, as a mitigation expert to testify during the penalty-phase of trial. R.19, PageID# 9668. For six months Dr. McCoy interviewed numerous witnesses, interviewed petitioner, reviewed medical and social records, and prepared an extensive Social History for the penalty-phase of trial. R.19, PageID# 9668. The Social History detailed the lack of a familial structure during petitioner's childhood,

the rejection by her biological father and mother, petitioner's out-of-control behavior as a young child, Christa's attempted suicides, and petitioner's drug use with her mother. R.19, PageID# 9634-36, 9673-75. It also contained information about Christa's borderline personality disorder to be presented as mitigating evidence. *Id*. at PageID# 9672-73. Trial counsel planned to present Dr. McCoy during the penalty phase to discuss the findings in her report and to provide expert testimony about how the mitigation findings connect to Petitioner's psycho pathology and diagnosis of other experts. *Id*. at PageID# 9668.

Despite months of preparation for the penalty phase, after a guilty verdict had been returned and on the first day of the penalty phase, trial counsel abandoned his strategy for the penalty phase. *Id*. at PageID# 9668-69. Dr. McCoy did not testify. *Id*.

Pike's trial counsel explained that he decided not call Dr. McCoy to testify because he believed Dr. McCoy would not corroborate Dr. Engum's diagnosis[1], Dr. McCoy had dated the lead prosecutor, William Crabtree, and trial counsel did not want certain evidence discovered by Dr. McCoy about petitioner Pike to come in[2]. *Id*. at PageID# 9669-71.

---

[1] The record does not support trial counsel's allegation that Dr. McCoy would not support Dr. Engum's diagnosis of borderline personality disorder as all the records of Dr. McCoy's fully corroborate this diagnosis. *See* R.19, PageID# 9670. Additionally, Dr. McCoy even testified in post-conviction proceedings that she agreed with Dr. Engum's diagnosis. *Id*. at PageID# 9670.

[2] This does not seem plausible given the fact that up until the afternoon before the penalty phase began, the plan was for Dr. McCoy to be the sole witness and present the entire mitigation case at the penalty phase. *See* R.19, PageID#

Even if this court accepts trial counsel's reasons for not calling Dr. McCoy as true, just as Judge Perry surmised in *McLaughlin*, counsel should not have been in the situation of deciding at the very last minute between calling an expert to testify and not having any expert to testify at the most crucial stage of his client's trial. *McLaughlin,* 2016 WL 1106884 at *14. Just like the last-minute decision in *McLaughlin*, Pike's trial counsel's last-minute decision not call Dr. McCoy left her "without mitigation evidence from an expert who could testify about [her] mental state at the time of the murder." *Id.* at *5.

Trial counsel's decision to not call his expert witness is not unchallengeable solely because trial counsel has characterized it as a "strategic decision." Rather, the "courts must assess whether the investigation leading to a strategic decision '*was itself reasonable.*'" *Id.* at *14, citing *Wiggins v. Smith*, 539 U.S. 510, 523 (2003) (emphasis in original). During the six months of trial preparation, Pike's counsel had ample time and opportunity to investigate Dr. McCoy's proposed testimony. Trial counsel was well aware of the references to certain evidence about Pike made by Dr. McCoy in her report before the jury returned its guilty verdict. Since Dr. McCoy and trial counsel had been in regular communication throughout the six months leading up to trial, and she was to be the sole expert witness during the penalty phase, competent trial counsel would be well aware of the evidence and

9668, 9670. Furthermore, counsel produced all of Dr. McCoy's Social History to the prosecution. R.19, PageID# 9668. So the prosecution had access to all of the evidence, but there was no expert testimony to support findings and conclusions contained in the Dr. McCoy's Social History. *Id.* at PageID# 9669.

whether Dr. McCoy's testimony would corroborate Dr. Engum's diagnosis of borderline personality disorder. Trial counsel should have known all of these things when he turned over Dr. McCoy's Social History to the prosecution. Just as in *McLaughlin*, any last-minute decision only demonstrates counsel's lack of preparation.

Similar to the finding of ineffectiveness in *McLaughlin*, Pike's trial counsel was ineffective because he "had not done the groundwork reasonably necessary to make a strategic decision about whether to call Dr. [McCoy]." Since trial counsel's investigation was unreasonable, it was impossible to make a fully informed decision on the strategy for the penalty phase. *McLaughlin*, 2016 WL 1106884 at *14, citing to *Smith v. Dretke*, 422 F.3d 269, 284 (5th Cir. 2005) ("If trial counsel's investigation was unreasonable then making a fully informed decision with respect to sentencing strategy was impossible.") (citing *Wiggins*, 539 U.S. at 527-28). In both cases, trial counsel's decision was the product of a failure to investigate the expert that was hired and to "reasonably develop the strategy [trial counsel] had settled on." *McLaughlin*, 2016 WL 1106884 at *14.

In both the present case and *McLaughlin*, trial counsel's decision to abandon expert testimony in the penalty phase prejudiced their client. As was the case in *McLaughlin*, trial counsel was able to present *some* evidence of Petitioner Pike's dysfunctional childhood from the testimony of her father, mother, and aunt. However, there was no one to provide expert testimony that could relate the dysfunction to Christa's mental health and mental status at the time of the murder.

The jury was deprived of hearing this mitigating evidence. *McLaughlin*, 2016 WL 1106884 at *16; R.19, PageID# 9672-73.

This Court denied Petitioner Pike a COA finding that a reasonable jurist could not conclude that Petitioner Pike made a substantial showing that the issues raised are adequate to deserve further review. R.93, PageID# 13356-57. Petitioner Pike submits for the Court's consideration, the finding of a "reasonable jurist" in *McLaughlin* who granted habeas relief under facts and circumstances similar to Petitioner Pike's claim of ineffective assistance of trial counsel. *McLaughlin v. Steele*, No. 4:12CV1464 (CDP), 2016 WL 1106884 (E.D. Mo. March 22, 2016). Because reasonable jurists could reach a different conclusion on this claim, Petitioner Pike respectfully requests the Court grant Petitioner a COA on the issue of trial counsel's ineffective assistance of counsel during the penalty phase. R.19, PageID# 9667-75, Ground One (A) of the Petition for Habeas Corpus.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

BY: /s/Stephen A. Ferrell
Stephen A. Ferrell
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN 37929
(865) 637-7979

*Attorney for Petitioner Christa Pike*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2016, the foregoing MOTION TO ALTER OR AMEND MEMORANDUM OPINION AND ORDER, was filed electronically. Service was made upon Filing Users through the Electronic Filing System. Service was accomplished via regular U.S. Mail on any participating party or counsel who was not served through the Electronic Filing System.

/s/Stephen A. Ferrell
Stephen A. Ferrell