UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CHRISTA GAIL PIKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 1:12-CV-35-HSM-SKL |
| | ) | |
| | ) | |
| CAROLYN JORDAN, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case involves a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by Tennessee death-row inmate, Christa Gail Pike ("Petitioner"). Petitioner was sentenced to death and a consecutive twenty-five years by a jury in Knox County, Tennessee, following her conviction for first degree murder and conspiracy to commit murder. After exhausting her state appeals, Petitioner filed a federal habeas corpus petition, which was denied on March 11, 2016 [Docs. 93, 94]. This case is now before the Court on Petitioner's motion to alter or amend the Court's memorandum opinion and order pursuant to Fed. R. Civ. P. 59(e) [Doc. 95].

## I. Standard of Review

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend the judgment of a court within 28 days of the entry of that judgment. A district court may grant a motion to alter or amend a judgment under this rule for any of the following reasons: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4)

[1] Warden Carolyn Jordan replaced Vicki Freeman as Warden of the Tennessee Prison for Women. Accordingly, the Clerk is **DIRECTED** to change the name of Respondent to Carolyn Jordan on the Court's CM/ECF docket sheet.

a need to prevent manifest injustice." *Alliant Tax Credit Fund 31-A, Ltd. v. Murphy*, 494 F. App'x 561, 568 (6th Cir. 2012) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479 (6th Cir. 2006)). Reconsideration under Rule 59(e) "is an extraordinary notion and is seldom granted because it contradicts notions of finality and repose." *AIA Eng'g Ltd. v. Magoteaux Int'l S/A*, No. 3:09-CV-0255, 2012 WL 4442665, at *8 (M.D. Tenn. Sept. 21, 2012) (citation and internal quotation marks omitted). "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Goodbar v. Technicolor Videocassette of Mich., Inc.*, No. 09-2553, 2011 WL 1637020, at *1 (W.D. Tenn. Apr. 29, 2011) (citations omitted). Thus, the motion should "either clearly establish a manifest error of law or present newly discovered evidence." *Id*.

## II. Discussion

In her initial petition, Petitioner challenged, among other things, the effectiveness of her trial counsel during the penalty phase, arguing that trial counsel failed to present mitigating evidence that was discovered during the investigation of her background [Doc.19. p. 48]. According to Petitioner, her trial counsel's last minute decision not to call Dr. McCoy led them to present a limited case for mitigation and abandon the compelling mitigation evidence which they had uncovered [*Id*.]. In its opinion, the Court found that Petitioner had not met her burden of proving deficient performance and prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984) [Doc. 98 pp. 28–29]. The Court also found that reasonable jurists could not conclude that Petitioner's claims are adequate to deserve further review and, as such, denied a Certificate of Appealability ("COA").

In her Rule 59(e) motion, Petitioner asks the Court to reconsider its denial of a COA on the issue of trial counsel's ineffective assistance of counsel during the penalty phase [Doc. 95 p.

7]. Petitioner argues that her trial counsel's last minute decision only demonstrated a lack of preparedness, and could not be attributed to the kind of strategic decisions protected by *Strickland* [*Id*. at 6]. Petitioner cites to a decision from the Eastern District of Missouri which found that trial counsel was ineffective for failing to investigate their expert witness' background prior to the penalty phase and that the defendant was prejudiced thereby, as proof that jurists of reasons could disagree with the district court's resolution of her constitutional claim. *See McLaughlin v. Steele*, No. 4:12-CV-1464, 2016 WL 1106884 (E.D. Mo. Mar. 22, 2016).

In *McLaughlin*, the expert witness, Dr. Caruso, hired to testify concerning the defemdant's mental state during the time he committed the crime, notified counsel the night before the penalty phase began that he had been disciplined for altering, fabricating, and destroying primary laboratory data during an experiment while he was in medical school. *Id*. at *10. Following the receipt of this information, trial counsel gave an opening statement during the penalty phase in which he referred to Dr. Caruso by name, and outlined his proposed testimony for the jury. *Id*. However, just before the close of the penalty phase, trial counsel notified the court of the information he had learned about Dr. Caruso and that he had decided not to call him because he feared that the potential for impeachment could seriously harm the defendant's case. *Id*. at *11. The district court found while counsel's decision not to call Dr. Caruso after finding out the damaging information might have been reasonable, counsel "had not done the groundwork reasonably necessary to make a strategic decision about whether to call Dr. Caruso." *Id*. at *14. The court found that the ultimate failure of counsel to offer Dr. Caruso's testimony to the jury was based on counsel's mistake rather than the result of a tactical decision. *Id*. at *15. Notably, the court stated that an important part of their finding of deficient performance was counsel's decision to preview Dr. Caruso's testimony to the jury, even after

finding out about the unfavorable information in Dr. Caruso's past. *Id*. at *17. The court opined that even if counsel's decision to forgo calling Dr. Caruso was not deficient, this decision to outline testimony that was ultimately not presented called counsel's credibility into question, and magnified the error into one of constitutional proportion. *Id*. The court in *McLaughlin* also found that the defendant was prejudiced from counsel's deficient performance because had counsel properly investigated Dr. Caruso's background, he would have chosen instead to present testimony from a qualified mental health expert who could testify concerning the petitioner's psychological state at the time of the murder, which would have been qualitatively different from the evidence presented at the defendant's trial. *Id*. at *19.

While *McLaughlin* presents a somewhat similar factual background to the present case, the Court notes that Petitioner has failed to acknowledge a significant difference between both cases which renders *McLaughlin* inapposite here. In *McLaughlin*, the defendant's ineffective assistance of counsel claim was procedurally defaulted at the post-conviction level because of counsel's failure to raise the claim to the post-conviction court. *McLaughlin*, 2016 WL 1106884, at *7–8. This triggered an initial substantiality review to determine cause and prejudice under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), after which the court engaged in a *de novo* review of the defendant's claim. *Id*. at *9. Petitioner's claim, on the other hand, was fully adjudicated on the merits by the Tennessee Court of Criminal Appeals, and the Court was constrained in its review of this claim by 28 U.S.C. § 2254(d)(1) which only permits relief where a state court's decision "was contrary to, or involved and unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States." In a recent opinion, the Supreme Court emphasized that

> [t]he Court, time and time again, has instructed that AEDPA, by setting forth necessary predicates before state-court judgments may

> be set aside, "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. Under § 2254(d)(1), "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."

*White v. Wheeler*, 136 S. Ct. 456, 460 (2015) (internal citations and quotation marks omitted).

In denying Petitioner's claim, the Court found that the Tennessee Court of Criminal Appeal's conclusion that counsel's decision was tactical was reasonable, as was the state court's determination on the issue of prejudice [Doc. 93 pp. 28–29]. The argument in Petitioner's Rule 59(e) motion presents no basis for this Court to amend this determination, nor does it motivate the Court to amend its decision to deny a COA on this issue. Petitioner's reliance on the district court's decision in *McLaughlin* is misplaced because the court in that case was governed by a distinctly different standard of review than that which binds this Court. Accordingly, the Court declines to alter its decision to deny a COA on Petitioner's claim of ineffective assistance of counsel for failure to present the mitigating evidence uncovered during their investigation.

## III. Conclusion

For the reasons mentioned above, Petitioner motions to alter or amend the Court's memorandum opinion and order [Doc. 95] is hereby **DENIED**.

**SO ORDERED**.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE