**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| **CHRISTA GAIL PIKE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 1:12-cv-00035** |
| **v.** | ) | **Judge Mattice** |
| | ) | |
| **GLORIA GROSS, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## RESPONSE TO PETITIONER'S MOTION FOR ISSUANCE OF SHOW CAUSE ORDER

The petitioner, Christa Gail Pike, has filed a motion asking this Court to direct the respondent Warden to allow the petitioner to have contact visits with a mental health expert retained by her appointed counsel. (D.E. 99.) Petitioner contends that access to a retained mental health expert is "appropriate and necessary in order to implement this Court's order appointing counsel." (Motion, at 9-10.) She further contends that the Warden's actions in denying visitation privileges to counsel's contracted mental health expert are contrary to Tennessee Department of Correction Administrative Policies and Procedures and deny her access to the courts. Petitioner asserts that this Court has authority to grant the relief requested under 18 U.S.C. § 3599(a)(2).

Petitioner's motion should be denied. First, the Warden's decisions related to the day-to-day operations of the Tennessee Prison for Women in no way violate this Court's order appointing counsel in this federal habeas proceeding. In passing 18 U.S.C. § 3599(e), Congress authorized the federal government to fund competent counsel for state prisoners pursuing federal habeas actions under 28 U.S.C. § 2254. Section 3599(f) gives a petitioner the right to funds for

"investigative, expert, or other services" upon a showing they are "reasonably necessary for the representation of the defendant." 18 U.S.C. § 3599(f).

On February 1, 2012, this Court appointed the Federal Defender Services of Eastern Tennessee, Inc., to represent the petitioner after finding that "appointment of counsel is necessary to research, investigate, and prepare a petition for writ of habeas corpus pursuant 28 U.S.C. § 2254." (D.E. 3.) Following lengthy proceedings on petitioner's habeas petition, including an evidentiary hearing in May 2015 (D.E. 81), this Court granted summary judgment to the respondent on March 11, 2016 (D.E. 93, 94), and later denied petitioner's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). (D.E. 96.) Petitioner filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit (D.E. 97), and that appeal is now pending, fully briefed and awaiting the setting of oral argument. *Pike v. Jordan*, No. 16-5864 (6th Cir.). Indeed, petitioner has enjoyed continuing representation by court-appointed counsel throughout proceedings in this Court and on appeal, and her motion does not demonstrate or even suggest how the Warden's visitation policies with respect to contact visits by a retained mental health expert have impeded the efforts of appellate counsel in pressing her appeal of this Court's judgment.

Petitioner's reliance on *Nields v. Bradshaw*, 2010 WL 148076 (S.D. Ohio Jan. 11, 2010), does not advance her cause. In *Nields*, a Magistrate Judge in the Southern District of Ohio invoked § 3599(e) and the All Writs Act as authority to order the transfer of a prisoner to a hospital for neurological testing for a clemency petition. But the *Nields* court stayed its order just four days later after admitting that its jurisdiction was questionable. *Nields v. Bradshaw*, 2010 WL 290963, at *2 (S.D. Ohio Jan. 15, 2010). And, ultimately, a final decision on the point was rendered moot because the Warden transferred the inmate to the testing facility on his own authority. *See Baze*

*v. Parker*, 711 F.Supp.2d 774, 781 (E.D. Ken. May 6, 2010). *Nields* thus provides neither binding nor persuasive authority in this case.

Second, petitioner makes no effort to show how post-judgment action by this Court is necessary in aid of her appeal of its judgment. In general, the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals except as to matters that are in aid of the appeal as empowered by the Rules of Civil Procedure, Rule 62. *See Workman v. Tate,* 958 F.2d 164, 167 (6th Cir. 1992); *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963); *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981); *Hogg v. United States*, 411 F.2d 578 (6th Cir. 1969). Petitioner's case is pending on appeal before the Sixth Circuit on a closed record with no further evidentiary proceedings contemplated at this time. Because no further factual development is required or permitted in aid of petitioner's appeal, petitioner can show no basis for seeking intervention from this Court in matters related to the administration of a Tennessee prison facility, particularly since she makes no allegation that access to her appointed *counsel* is impeded.

Finally, petitioner's arguments related to an alleged violation of her right to access to the courts and/or violations of Tennessee Department of Correction Policies and Procedures fall outside the scope of an action under 28 U.S.C. § 2254. Under 28 U.S.C. § 1651(a), federal courts are permitted to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." But a habeas corpus proceeding does not extend to issues regarding the conditions of an inmate's confinement. *Hodges v. Bell*, 170 Fed. Appx. 389, 2006 WL 508043 (6th Cir. 2006) ("[B]ecause requiring RMSI to videotape every instance in which its officers move Hodges is not "necessary or appropriate in aid of" the district court's jurisdiction to determine the legality of Hodges's state-court conviction and sentence, the district court's order lacks proper authority and must be vacated."). *See also Nelson v. Campbell*, 541

U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983."); *Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

Petitioner's current request, which challenges the Warden's application of Department of Correction visitation policies impacting contact visits by a mental health expert "on a semi-regular basis" (Motion, p. 2), are only properly raised in a § 1983 proceeding, along with its administrative strictures, which petitioner has yet to follow. The cases petitioner cites demonstrate this point. *Bounds v. Smith*, 430 U.S. 817 (1977), involves three consolidated actions by inmates filed under 42 U.S.C. § 1983, which addressed the adequacy of a state prison library for inmates seeking to prepare and filed legal papers. Likewise, *Ching v. Lewis*, 895 F.2d 608 (9th Cir. 1990), and *Dreher v. Sielaff*, 636 F.2d 1141 (7th Cir. 1980), addressed court access and attorney visitation policies in the context of a § 1983 action. Indeed, the test petitioner advances to support his "cognizable claim" challenging the validity of the Warden's visitation policies were established in the context of a federal civil rights action. *See Turner v. Safley*, 482 U.S. 78 (1987).

But the Court's jurisdiction in this § 2254 action is limited to matters in aid of its jurisdiction, and in the post-judgment context, that limitation is even greater. Sections 3599(a) and (e) provide for the appointment and compensation of counsel for the indigent habeas petitioner. Petitioner has received and continues to receive the benefit of appointed counsel. But nothing in these sections provides the petitioner with additional substantive rights. *See Baze*, 711 F.Supp.2d at 780.

Nor may petitioner use this § 2254 proceeding as a vehicle to present her conditions-of-confinement complaints. *See Moore v. Rees*, 2007 WL 1035013, at *11–12 (E.D. Ky. Mar. 30, 2007) (denying motion under All Writs Act to require KDOC to document attempts to draw blood from death sentenced inmate with compromised veins); *see also Plum Creek Lumber Co. v. Hutton*, 608 F.2d 1283, 1289 (9th Cir.1979) (All Writs Act is not a grant of plenary power to the federal courts and does not authorize a court to order one party to aid another party in conducting a more effective investigation when other bases for relief are available).

## CONCLUSION

Petitioner's Motion for Issuance of Show Cause Order should be denied.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General & Reporter

/s/ Jennifer L. Smith
JENNIFER L. SMITH
Associate Solicitor General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 741-3487
Jennifer.Smith@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May a copy of the foregoing response was sent via the Court's electronic filing system on May 25, 2018, to:

Stephen A. Ferrell
Asst. Federal Community Defender
800 South Gay Street, Suite 2400
Knoxville, Tennessee 37929

/s/ Jennifer L. Smith
JENNIFER L. SMITH